**Donald Ray ROSE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-84-024-CR.**

Court of Appeals of Texas,
Fort Worth,

July 5, 1984.

Gilfeather, Parker & Griffin, and Pete Gilfeather, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Hamilton Barksdale, Asst. Dist. Atty., Fort Worth, for state.

Before HUGHES, JOE SPURLOCK, II and HILL, JJ.

## OPINION

HUGHES, Justice.

Donald Ray Rose has appealed his conviction of the offense of robbery for which he was assessed 25 years in the Texas Department of Corrections.

We affirm.

Joe Keeling testified that he met Donald Ray Rose at O.C.'s Saloon on October 2, 1982; that they left the saloon in search of a party at a deserted area near Lake Arlington and; that they stopped there to relieve themselves. Rose walked up behind Keeling, put something into his back and said, "This is a robbery." Keeling continued with the information that whatever Rose was holding at his back (right side) was shiny and covered with a handkerchief and appeared to be "some cylindrical object of unknown length," "definitely hard, of one or two inches." Further testimony from Keeling was: "I was definitely afraid of whether I might be shot and left or wounded and maimed and left, whether I might be killed right there at that point. That was one of the first thoughts that went through my mind." According to Keeling, Rose took his watch off his arm, his wallet out of his pocket and his keys out of another pocket concurrently with the object being in his back. He said that he did not consent to such taking. During the "taking" procedure, Keeling quoted Rose as saying at different times: "Turn around and don't look at me;" "This is a robbery;" "Don't look at me;" "Don't try and follow me."

Rose urges error in three grounds: (1) Evidence insufficiency; (2) Fundamental error because the trial court failed to charge the jury on all essential elements of the offense of robbery, and; (3) Failure of the trial court to properly define the offense of theft.

■ The insufficiency urged in ground one by Rose is that there was no testimony of any threat of death or serious bodily injury made to Keeling and Keeling did not know what his assailant had in his hand. In overruling this ground, we note that where one causes another to believe he has a firearm and by his acts forces the victim to give him his property, we hold the threat to be proved. *Anderson v. State,* 153 Tex. Cr.R. 501, 221 S.W.2d 268, 270 (1949); *Bartley v. State,* 151 Tex.Cr.R. 88, 205 S.W.2d 600, 601 (1947). The gesture (the object stuck in his back) coupled with the words used and the surrounding circumstances makes a sufficient proof of the threat element required to convict.

In his ground of error number two, Rose urges fundamental error in that the court, in its charge, failed to apply all the law to the facts in his case. (The only exception Rose made to the charge on its submission was that it should not contain an instruction on the law of theft from a person).

Count one of the indictment read that Rose:

[D]id then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place Joe Keeling *in fear* of imminent bodily injury and death .... (Emphasis ours).

In the pertinent part of the charge, the trial court instructed the jury:

Now if you find from the evidence beyond a reasonable doubt that on or about the 3rd day of October, 1982, in Tarrant County, Texas, the defendant, Donald Ray Rose, while in the course of committing theft, did intentionally or knowingly threaten Joe Keeling with imminent bodily injury or death, then you will find the defendant guilty of robbery.

■ The thrust of Rose's ground of error is that the court did not put a requirement of Keeling's being placed *in fear* as alleged in the indictment. He cites *Ex parte Santellana,* 606 S.W.2d 331 (Tex. Crim.App.1980) for support of his position. The Court of Criminal Appeals in *Santellana* (sitting en banc) restated the elements of aggravated robbery necessary to an indictment, as set forth in *Ex parte County,* 577 S.W.2d 260 (Tex.Crim.App.1979). The court there listed as number (5b) "threat-

ens *or* places another in fear of imminent bodily injury or death." (Emphasis ours). The indictment here tracks the statute TEX.PENAL CODE ANN. sec. 29.02(a)(2) (Vernon 1974). The disjunctive "or" between "threatens" and "places" permits the submission as made by the trial court in this case. *Vasquez v. State*, 665 S.W.2d 484 (Tex.Crim.App.1984) (not yet reported). We hold that the variance here between the charge and the indictment was not of sufficient substance to prejudice appellant Rose. We overrule ground of error number two.

In its charge, the trial court submitted the following to the jury:

"Theft", as that term is used herein, is the unlawful taking and exercising control over the corporeal personal property of another, without the effective consent of such other person, and with intent to deprive such other person of said property.

"In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of the theft.

"Deprive" means to withhold property from the owner permanently.

"Effective consent" means assent in fact, whether express or apparent, and includes consent by a person legally authorized to act for the owner.

"Possession" means actual care, custody, control or management of property.

"Bodily injury" means physical pain, illness or any impairment of physical condition.

"Owner" means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the defendant.

"Appropriation" and "appropriate" as those terms are used herein, mean to acquire or otherwise exercise control over property other than real property. Appropriation of property is unlawful if it is without the owner's effective consent.

"Property" as used herein means tangible or intangible personal property or documents, including money, that represents or embodies anything of value.

In his third ground of error, Rose contends that the court's definition of theft is fundamentally wrong because it does not use the word "owner" therein.

 We hold that the definition in the trial court's charge is sufficient, particularly when considered with the complete set of definitions that follow it. Also we note the court's use of the word "owner" applied to Joe Keeling on the next to last page of the charge when he was applying the law to the facts as to the charge of theft from person. We overrule ground of error three.

We affirm.