Norman Lee BIRL, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 6–87–053–CR.

Court of Appeals of Texas,
Texarkana.

Dec. 20, 1988.

Wayne Floyd, Mt. Pleasant, for appellant.

Charles C. Bailey, Dist. Atty., Mt. Pleasant, for appellee.

BLEIL, Justice.

Norman Birl, Jr. appeals an aggravated robbery conviction for which he received a life sentence. Birl raises issues regarding the admission of evidence of his prior convictions and the admission of an in-court identification of him by his victim. Additionally, Birl challenges the sufficiency of the evidence to support the jury's deadly weapon finding and to prove the elements of robbery. Birl also raises issues regarding the impaneling of the jury, which we do not reach because of our disposition of the other issues. We conclude that the trial court erred in admitting evidence of Birl's two prior robbery convictions at the guilt-innocence stage of his trial and that the evidence is sufficient to prove the elements of robbery but insufficient to support the jury's deadly weapon finding required to support aggravated robbery. We therefore reverse the judgment of the trial court and remand the cause for a new trial.

About 1:30 p.m., on December 6, 1986, Sherri Wilburn's automobile collided with an automobile driven by Birl. Birl suggested that she drive them both to the police station, in her automobile, to report the incident. Wilburn refused and began walking along the road toward a telephone. Univited, Birl joined her. He walked close to her. She felt uncomfortable and re-peatedly moved away from him until she was almost off the road. Birl then reached into his pocket, pulled out a pocketknife, opened the blade on it, and turned toward Wilburn. Wilburn screamed and began running away; she did not hear what Birl said to her as he turned toward her with the pocketknife. Birl chased her, and when she dropped her purse, he picked it up and returned to his car with it. At trial, Wilburn testified that the knife's blade was about two inches long.

Birl contends that the trial court erred in admitting evidence of his two prior robbery convictions at the guilt-innocence stage of his trial. Tex.R.Crim.Evid. 404(b) provides that evidence of other crimes is not admissible to prove the character of a person in order to show that he acted in conformity therewith. Evidence of other crimes may be admitted, however, to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. Here, the trial court admitted evidence of Birl's prior robbery convictions to show his intent to take Wilburn's purse.

Extraneous transactions constituting offenses shown to have been committed by a defendant may become admissible upon a showing that the transaction is both relevant to a material issue in the case, and that the relevancy value of the evidence outweighs its inflammatory or prejudicial potential. *Williams v. State*, 662 S.W.2d 344, 346 (Tex.Crim.App.1983). Evidence of unrelated offenses committed by a defendant may be admitted to show intent if the extraneous offense possesses requisite similarities, such as proximity in time or place or common mode. *Sewell v. State*, 629 S.W.2d 42, 46 (Tex.Crim.App. [Panel Op.] 1982). Although the extraneous offense must be similar to the alleged offense, it need not be so similar as to constitute proof of *modus operandi*. Such a high degree of similarity is only required when identity is at issue, not intent. *Plante v. State*, 692 S.W.2d 487, 493 (Tex.Crim.App. 1985). Factors of remoteness and similarity between the extraneous offense and the

alleged offense are important, not in and of themselves, but only as they bear on the relevancy and probative value of the offered extraneous offenses. *Plante v. State*, 692 S.W.2d at 491. When the State can prove that there are sufficient common distinguishing characteristics between the extraneous offense and the primary offense so that the probative value of the evidence outweighs its prejudicial value, then the court may admit the evidence to prove certain elements of the crime [such as intent]. *Id.*

■ We consider the similarities between Birl's prior offenses and his offense against Wilburn. At the time of trial, Birl had two prior robbery convictions, each of which was aggravated by the use of a firearm. In one of his two prior offenses, Birl shot and killed a grocery store clerk, in addition to robbing him. Here, Birl's robbery of Wilburn was incidental to a vehicle collision, no demand was made of the victim, no firearm was involved, and no murder was committed. We conclude that neither of Birl's prior offenses is shown to have been sufficiently similar to his robbery of Wilburn so as to be admissible on the issue of intent.

In addition to similarity, remoteness in time is also a factor in determining whether an extraneous offense is admissible to show intent. On the issue of intent, in *Cantrell v. State*, 731 S.W.2d 84 (Tex.Crim. App.1987), the court allowed evidence of a subsequent similar robbery which occurred within nine months of the robbery for which the defendant was being tried. By contrast, in *Plante v. State*, 692 S.W.2d at 495, the court refused evidence of a similar transaction which occurred four years prior to trial as too remote and therefore not probative on the issue of intent. Here, the previous convictions occurred more than fifteen years before trial and thus appear remote. However, because we have already concluded that the trial court erred in admitting the evidence of Birl's prior convictions at the guilt-innocence stage of his trial because his prior offenses were too

dissimilar, we need not decide whether they are also too remote to be probative of his intent to take Wilburn's purse.

To determine whether reversal of the trial court's judgment is required, we consider the harm caused to Birl by the improperly admitted evidence. The test for harmless error is in Tex.R.App.P. 81(b)(2). When, as here, we find that error exists, we are obligated to reverse the trial court's judgment unless we determine beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. *Mallory v. State*, 752 S.W.2d 566, 569, 570 (Tex.Crim.App.1988). We cannot conclude beyond a reasonable doubt that the improper admission of Birl's prior offenses at the guilt-innocence stage of his trial made no contribution to his conviction or punishment, and thus we are required to reverse the judgment of the trial court. Tex.R.App.P. 81(b)(2).

■ We next turn to Birl's challenges to the sufficiency of the evidence. Since the decisions in *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), and *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), a challenge to the sufficiency of the evidence must be considered even though a reversal is required on other grounds. *Froyd v. State*, 633 S.W.2d 884, 885 (Tex.Crim.App.1982). This is so because a challenge to the sufficiency of the evidence, if sustained, bars a retrial and requires the entry of a judgment of acquittal. *Graham v. State*, 643 S.W.2d 920, 924 (Tex.Crim.App.1981).

■ Accordingly, we consider Birl's challenge to the sufficiency of the evidence to prove the elements of robbery. Tex.Penal Code Ann. § 29.02 (Vernon 1974) sets forth the elements of robbery:

(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Birl contends that his intent to obtain or maintain control of Wilburn's purse, at the time that he turned toward her with the pocketknife, was not shown. Wilburn testified that nothing she heard Birl say to her indicated his intent to take her purse. Intent to obtain or maintain control of property may be inferred from actions, and a verbal demand is not required. *Johnson v. State*, 541 S.W.2d 185, 187 (Tex.Crim.App. 1976). Moreover, the elements of robbery are satisfied if a sufficient nexus exists between the antecedent violence and the parting with property. *Davis v. State*, 532 S.W.2d 626, 630 (Tex.Crim.App.1976). Birl's act of turning toward Wilburn with an open pocketknife was the antecedent violence. Only moments later, the parting with property occurred when Birl picked up the purse that Wilburn had dropped. We conclude that under *Davis*, a sufficient nexus exists between the threat of violence and the theft of the purse; therefore, the elements of robbery are met.

Birl further contends that insufficient evidence exists to show that the pocketknife he used was a deadly weapon. A knife is not a deadly weapon per se. *Blain v. State*, 647 S.W.2d 293, 294 (Tex.Crim. App.1983). For a knife to constitute a deadly weapon, it must meet the definition set forth in Tex.Penal Code Ann. § 1.07(a)(11)(B) (Vernon 1974) which provides that a "deadly weapon" means anything that in its use or intended use is capable of causing death or serious bodily injury. It is not necessary that wounds be inflicted before a knife can be a deadly weapon. *Denham v. State*, 574 S.W.2d 129, 130 (Tex.Crim.App.1978).

The following cases illustrate situations in which the Court of Criminal Appeals held the evidence to be insufficient to prove that a knife was used as a deadly weapon. First, in *Davidson v. State*, 602 S.W.2d 272 (Tex.Crim.App. [Panel Op.] 1980), the court found the evidence insufficient to prove that a knife with a 2½"–3" blade was a deadly weapon. The facts of *Davidson* are similar to the facts here, except that a verbal threat was uttered in *Davidson*. Knife in hand, Davidson turned toward his victim and said, "if you come any closer I'm going to cut you." 602 S.W.2d at 273. Although the victim was not actually wounded, he testified that he was placed in fear of imminent bodily injury or death. *Id.* Here, Wilburn testified that when Birl turned toward her with the open pocketknife, she feared serious bodily injury. Also the blade on the knife used by Birl is about the same size as the blade on the knife used in *Davidson*.

Second, in *Blain v. State*, 647 S.W.2d at 294, the court held the evidence insufficient to prove that a knife with a six-inch blade was a deadly weapon. Blain displayed the knife to a grocery store clerk when he found himself seventy-five cents short at the checkout counter. Although Blain made no effort to stab or cut the clerk, the clerk testified that he was afraid he might be stabbed.

Third, in *Alvarez v. State*, 566 S.W.2d 612 (Tex.Crim.App. [Panel Op.] 1978), the evidence showed that Alvarez brandished a linoleum knife as he advanced on a police officer. He swung at the officer and missed. The court found the evidence insufficient to establish the knife as a deadly weapon in the absence of testimony as to the size of the blade, although the officer testified that the knife looked sharp and that Alvarez's brandishing motions put him in fear of serious bodily injury or death. 566 S.W.2d at 614.

In the following cases, the Court of Criminal Appeals found sufficient evidence to show a knife to be a deadly weapon. In *Hubbard v. State*, 579 S.W.2d 930 (Tex. Crim.App.1979), the defendant, demanding money, held a long-bladed butcher knife to the victim's throat and threatened to cut her throat. In *Hart v. State*, 581 S.W.2d 675 (Tex.Crim.App. [Panel Op.] 1979), the defendant stabbed the victim twice with a pocketknife; one wound required twenty

stitches. In *Cruz v. State,* 576 S.W.2d 841 (Tex.Crim.App.1979), the defendant stabbed the victim several times; one wound required twenty-five stitches and impaired the victim's use of his arm for three months. In *Denham v. State,* 574 S.W.2d at 129, 130, the defendant stabbed the victim with a seven- or eight-inch blade butcher knife; the victim testified that he believed the knife could kill him. In *Limuel v. State,* 568 S.W.2d 309 (Tex.Crim.App. [Panel Op.] 1978), the defendant placed a pocketknife at his victim's throat, then stabbed him in the stomach. The victim testified that he spent ten days in the hospital. Although the Court of Criminal Appeals held in *Denham v. State,* 574 S.W.2d at 129, 130, that wounds need not be inflicted before a knife can be a deadly weapon, in each of the cases above, except *Hubbard,* the victim was stabbed.

While the manner of use determines whether a knife is a deadly weapon, size of the blade also appears to be a significant factor.

We are of the opinion that the size of the blade should be immaterial in most instances since a forceful, well-placed stab by a knife with a one-inch blade, or less, could easily be deadly. Although we may not fully agree with the Court of Criminal Appeals' analysis of when a knife becomes a deadly weapon, we are nonetheless obligated to rule in accordance with its decisions. We find the facts in Birl to be most consistent with the line of authority represented by *Davidson, Blain,* and *Alvarez,* and we therefore conclude that the evidence is insufficient to show that Birl used the pocketknife as a deadly weapon.

We reverse the judgment of the trial court and remand this cause for a new trial on the offense of robbery.