REGINALD LEON EDWARDS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-251-CR

REGINALD LEON EDWARDS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Reginald Leon Edwards robbed the clerk of a Fina convenience store with a nonfunctioning B-B gun.  During the robbery, Edwards pointed the gun at the store clerk’s stomach and ordered her to put the money from the cash register into a paper sack he grabbed from the counter.  The store clerk testified that she believed the gun was real and feared that Edwards was going to shoot her.  A jury convicted Edwards of robbery by threats, and the trial court found an enhancement paragraph true and assessed punishment at thirty years’ confinement.  In his sole point, Edwards argues the trial court erred in denying his request for a lesser-included offense charge of misdemeanor theft of property valued at over $50 but less than $500 because, as a result of the nonfunctioning B-B gun, the jury could have concluded that Edwards did not intend to threaten or place the store clerk in fear of imminent bodily injury or death.  We affirm.

To determine whether a jury must be charged on a lesser included offense, we apply a two-step analysis.  
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  The first step is to decide whether the offense is a “lesser included offense” as defined in article 37.09 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981); 
Moore
, 969 S.W.2d at 8.
  
The second step requires an evaluation of the evidence to determine whether there is some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense, and not of the greater. 
 Feldman v. State
, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002);
 Moore
, 969 S.W.2d at 8. The evidence must be evaluated in the context of the entire record.  
Moore
, 969 S.W.2d at 8.  There must be some evidence from which a rational jury could acquit the defendant on the greater offense while convicting him of the lesser included offense.  
Id.  
The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence.  
Id.
  If there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence is so weak that it is subject to more than one reasonable inference regarding the aggravating element, the jury should be charged on the lesser included offense. 
 Schweinle v. State
, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); 
Saunders v. State
, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).

In light of the indictment in this case, we conclude that the offense of theft is included within the proof necessary to establish the charged offense of robbery by threats.
(footnote: 2)  See Jacob v. State
, 892 S.W.2d 905, 908-09 (Tex. Crim. App. 1995); 
Mendoza v. State
, 923 S.W.2d 760, 762 (Tex. App.—Corpus Christi 1996, no pet.).  The only remaining issue is whether some evidence exists in the record that would rationally permit a jury to find appellant only guilty of theft.  
See Mendoza
, 923 S.W.2d
 at 762.

A person commits robbery if in the course of committing theft, he “intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.”  
Tex. Penal Code Ann
. § 29.02(a) (Vernon 2003).  It is not necessary that the alleged robber display a weapon or make an express threat in order to support a finding that the victim was threatened or placed in fear.  
Welch v. State
, 880 S.W.2d 225, 227 (Tex. App.—Austin 1994, no pet.).  “The fear must be [only] of such nature as in reason and common experience is likely to induce a person to part with his property against his will.”
  Cranford v. State
, 377 S.W.2d 957, 958 (Tex. Crim. App. 1964).  

To be entitled to a jury instruction on the lesser included offense of theft, there must have been evidence proving Edwards committed a theft, but did not  threaten the store clerk in any way.  
See
 Tex. Penal Code Ann.
 § 31.03(a);
 see also Holiday v. State
, 14 S.W.3d 784, 788 (Tex. App.—Houston [1
st
 Dist.] 2000, pet. ref’d) (determining whether defendant entitled to lesser included offense instructions for robbery, assault, and theft, when he was charged with capital murder), 
cert. denied
, 532 U.S. 960 (2001).  There is no evidence in the record from which a rational jury could conclude that Edwards did not intend to, or did not knowingly, threaten the store clerk or place her in fear of imminent bodily injury or death as a result of his actions.  
See Birl v. State
, 763 S.W.2d 860, 863 (Tex. App.—Texarkana 1988, no pet.) (concluding elements of robbery met where defendant turned toward victim with open pocketknife and then picked up purse that victim dropped).  Moreover, the evidence establishes that the complainant believed the gun Edwards displayed was real and that he was going to shoot her.  The fact that Edwards knew the weapon was a nonfunctioning B-B gun does not negate that Edwards had the necessary mens rea to commit the offense of robbery.  
See id. 
(“Intent to obtain or maintain control of property may be inferred from actions, and a verbal demand is not required.”); 
see also Barehill v. State
, 740 S.W.2d 572, 574 (Tex. App.—Houston [1
st
 Dist.] 1987, no pet.) (“Where one causes another to believe he has a firearm and by his acts forces the victim to give him his property, a threat is proved.”); 
Rose v. State
, 672 S.W.2d 639, 640 (Tex. App.—Fort Worth 1984, pet. ref’d) (same).  Thus, we hold that there is no evidence from which a rational jury could acquit Edwards of robbery by threats and only convict him of theft.  We overrule point one.

We affirm the trial court’s judgment.  
 

PER CURIAM

PANEL F: DAY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  July 31,2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The indictment states that “[w]hile in the course of committing theft of property,” appellant committed robbery by threats.