COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-251-CR
 
REGINALD LEON EDWARDS                                                            APPELLANT
V.
THE STATE OF TEXAS                                                              
    
    STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Reginald Leon Edwards robbed the clerk of a Fina convenience
store with a nonfunctioning B-B gun. During the robbery, Edwards pointed the gun
at the store clerk's stomach and ordered her to put the money from the cash
register into a paper sack he grabbed from the counter. The store clerk
testified that she believed the gun was real and feared that Edwards was going
to shoot her. A jury convicted Edwards of robbery by threats, and the trial
court found an enhancement paragraph true and assessed punishment at thirty
years' confinement. In his sole point, Edwards argues the trial court erred in
denying his request for a lesser-included offense charge of misdemeanor theft of
property valued at over $50 but less than $500 because, as a result of the
nonfunctioning B-B gun, the jury could have concluded that Edwards did not
intend to threaten or place the store clerk in fear of imminent bodily injury or
death. We affirm.
To determine whether a jury must be charged on a lesser included
offense, we apply a two-step analysis. Moore v. State, 969
S.W.2d 4, 8 (Tex. Crim. App. 1998). The first step is to decide whether the
offense is a "lesser included offense" as defined in article 37.09 of
the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon
1981); Moore, 969 S.W.2d at 8. The second step requires an
evaluation of the evidence to determine whether there is some evidence that
would permit a rational jury to find that the defendant is guilty only of the
lesser offense, and not of the greater. Feldman v. State,
71 S.W.3d 738, 750 (Tex. Crim. App. 2002); Moore, 969
S.W.2d at 8. The evidence must be evaluated in the context of the entire record.
Moore, 969 S.W.2d at 8. There must be some evidence from
which a rational jury could acquit the defendant on the greater offense while
convicting him of the lesser included offense. Id. The
court may not consider whether the evidence is credible, controverted, or in
conflict with other evidence. Id. If there is evidence
from any source that negates or refutes the element establishing the greater
offense, or if the evidence is so weak that it is subject to more than one
reasonable inference regarding the aggravating element, the jury should be
charged on the lesser included offense. Schweinle v. State,
915 S.W.2d 17, 19 (Tex. Crim. App. 1996); Saunders v. State,
840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).
In light of the indictment in this case, we conclude that the offense
of theft is included within the proof necessary to establish the charged offense
of robbery by threats.(2) See
Jacob v. State, 892 S.W.2d 905, 908-09 (Tex. Crim. App. 1995); Mendoza
v. State, 923 S.W.2d 760, 762 (Tex. App.--Corpus Christi 1996, no pet.).
The only remaining issue is whether some evidence exists in the record that
would rationally permit a jury to find appellant only guilty of theft. See
Mendoza, 923 S.W.2d at 762.
A person commits robbery if in the course of committing theft, he
"intentionally or knowingly threatens or places another in fear of imminent
bodily injury or death." Tex. Penal Code Ann. § 29.02(a) (Vernon 2003). It
is not necessary that the alleged robber display a weapon or make an express
threat in order to support a finding that the victim was threatened or placed in
fear. Welch v. State, 880 S.W.2d 225, 227 (Tex.
App.--Austin 1994, no pet.). "The fear must be [only] of such nature as in
reason and common experience is likely to induce a person to part with his
property against his will." Cranford v. State, 377
S.W.2d 957, 958 (Tex. Crim. App. 1964).
To be entitled to a jury instruction on the lesser included offense of
theft, there must have been evidence proving Edwards committed a theft, but did
not threaten the store clerk in any way. See Tex. Penal
Code Ann. § 31.03(a); see also Holiday v. State, 14
S.W.3d 784, 788 (Tex. App.--Houston [1st Dist.] 2000,
pet. ref'd) (determining whether defendant entitled to lesser included offense
instructions for robbery, assault, and theft, when he was charged with capital
murder), cert. denied, 532 U.S. 960 (2001). There is no
evidence in the record from which a rational jury could conclude that Edwards
did not intend to, or did not knowingly, threaten the store clerk or place her
in fear of imminent bodily injury or death as a result of his actions. See
Birl v. State, 763 S.W.2d 860, 863 (Tex. App.--Texarkana 1988, no pet.)
(concluding elements of robbery met where defendant turned toward victim with
open pocketknife and then picked up purse that victim dropped). Moreover, the
evidence establishes that the complainant believed the gun Edwards displayed was
real and that he was going to shoot her. The fact that Edwards knew the weapon
was a nonfunctioning B-B gun does not negate that Edwards had the necessary mens
rea to commit the offense of robbery. See id. ("Intent
to obtain or maintain control of property may be inferred from actions, and a
verbal demand is not required."); see also Barehill v.
State, 740 S.W.2d 572, 574 (Tex. App.--Houston [1st
Dist.] 1987, no pet.) ("Where one causes another to believe he has a
firearm and by his acts forces the victim to give him his property, a threat is
proved."); Rose v. State, 672 S.W.2d 639, 640 (Tex.
App.--Fort Worth 1984, pet. ref'd) (same). Thus, we hold that there is no
evidence from which a rational jury could acquit Edwards of robbery by threats
and only convict him of theft. We overrule point one.
We affirm the trial court's judgment.
 
                                                                      
PER CURIAM
 
PANEL F: DAY, LIVINGSTON, and DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 31,2003

1. See Tex. R. App. P. 47.4.
2. The indictment states that "[w]hile in the course
of committing theft of property," appellant committed robbery by threats.