Affirm and Opinion filed January 6, 2005









Affirm
and Opinion filed January 6, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00944-CR

____________

 

ROMEO EHIGIE
EHIEMUA,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 928548

 



 

O P I N I O N








Appellant Romeo Ehigie Ehiemua was charged
by indictment with two counts of aggravated sexual assault.  The jury returned a general verdict of guilty
and assessed punishment at 20 years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  Appellant asserts six points of error on
appeal.  In points of error one through
four, appellant contends the evidence is legally and factually insufficient to
support his conviction under the first and second paragraphs of the indictment
because the State failed to prove he threatened complainant with force and
violence.  In his fifth and sixth points
of error, appellant argues the evidence is legally and factually insufficient
to support his conviction because the State failed to prove the knife used
constituted a deadly weapon.  We affirm
the judgment of the trial court.          


FACTUAL BACKGROUND

The complainant, S.I.,[1]
a high school senior, was alone at a bus stop when appellant drove up, got out
of his car, and tried to talk to her. 
When she did not respond, appellant put a knife next to her leg.  Appellant told S.I. she had an attitude
problem and if she made him mad, he was going to shed her blood.  He pushed S.I. into his car and drove to a
house to drop off a child who was riding in the back seat.  Appellant parked in the street and walked to
the front door with his shoulders and head turned so he could still see
her.  As appellant was walking to the
door, S.I. inconspicuously tried to open the car door but could not.  A person answered the door, appellant handed
over the child, and he returned to the car. 


Thereafter, appellant drove S.I. to his
apartment.  When appellant exited his
vehicle, S.I. attempted to escape through his driver-side door, but appellant
grabbed her.  S.I. began to scream and appellant
pulled her toward his apartment.  Before
reaching the door of his apartment, S.I. managed to free herself from his
grasp, started to run, and fell forward scraping her elbow.  Appellant dragged S.I. inside, placed her on
the couch, and locked the door.  








Inside, appellant went to the kitchen and
returned with a larger knife.  He held
the knife within arm=s length of S.I. forehead and yelled at
her.  He then led her to his bedroom
while holding the knife at her back. 
Inside his bedroom, appellant told S.I. to disrobe.  S.I. refused until appellant raised the knife
and told her he was Agoing to get it over with because she was
giving him a hard time.@ 
After S.I. undressed, appellant did the same and played a pornographic
videotape on his television.  Appellant
told S.I. to replicate the acts in the video. 
Still crying, S.I. told appellant she did not know how to.  Appellant pushed S.I. on the bed, approached
her while holding the knife in his hand, and placed his penis in her
mouth.  After making S.I. perform oral
sex, appellant asked S.I. to lie back on the bed and open her legs.  She obeyed but told him the knife made her
uncomfortable.  Appellant placed the
knife beside the bed and told S.I. he would let her go if she cooperated, and
if she did not, he would kill her. 
Appellant spread her legs and had vaginal intercourse with her for
approximately twenty minutes.  During
that time, S.I. continuously tried to shut her legs and falsely told him she
had a disease.  After intercourse,
appellant made S.I. take a shower as he watched.

After her shower, appellant=s attitude
improved.  He told S.I. it would not
matter if she told anyone about the encounter because he was an undercover
detective.  Appellant then drove her to a
mall, gave her a card with his name and number, and left.  S.I. called her sister for a ride home.  In the car, S.I. told her sister she had been
kidnaped.  When S.I. and her sister
arrived at their house, her sister called the police.  S.I. met with the police and went to the hospital
where she was given a rape kit test. 

SUFFICIENCY OF THE EVIDENCE

In all six of appellant=s points of error,
he contends the evidence is legally and factually insufficient to support his
conviction for aggravated sexual assault. 
In evaluating a
legal sufficiency challenge, we view the evidence in the light most favorable
to the verdict and determine whether a rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
n.12 (1979);  Garrett v. State,
851 S.W.2d 853, 857 (Tex. Crim. App.1993). 
The jury is the sole judge of the credibility of the witnesses, and chooses
whether to believe or disbelieve all or part of a witness=s testimony.  Moreno v. State, 755 S.W.2d 866, 867
(Tex. Crim. App. 1988).  We will not
overturn the verdict unless it is irrational or unsupported by proof beyond a
reasonable doubt.   Matson v. State,
819 S.W.2d 839, 846 (Tex. Crim. App.1991). 
Therefore, if any rational trier‑of‑fact could have found
the essential elements of the crime beyond a reasonable doubt, we must
affirm.  McDuff v. State, 939
S.W.2d 607, 614 (Tex. Crim. App. 1997).    









In conducting a factual sufficiency
review, we view all the evidence in a neutral light, without favoring either
party.  Johnson v. State, 23
S.W.3d 1, 6-7 (Tex. Crim. App. 2000).  We
will set aside the verdict only if (1) the evidence supporting the verdict,
considered by itself, is too weak to support the finding of guilt beyond a
reasonable doubt, or (2) contrary evidence, if present, is strong enough that
the beyond-a-reasonable-doubt standard could not have been met.  Zuniga v. State, 144 S.W.3d 477, 484 (Tex.
Crim. App. 2004); Roy v. State, Nos. 14-02-00909-CR, 14-02-00910-CR,
2004 WL 1607489, at *4 (Tex. App.CHouston [14th
Dist.] July 20, 2004, no pet.).  When
reviewing the evidence, we must give appropriate deference to the jury findings
in order to avoid intruding on the fact-finder=s role as the sole
judge of the weight and credibility of the evidence.  Johnson, 23 S.W.3d at 7.  Therefore, unless the record reveals a
different result is appropriate, we Amust defer to the
jury=s determination
concerning what weight to give contradictory testimonial evidence, because
resolution often turns on an evaluation of credibility and demeanor.@  Id. at 8. 

Here, to secure a conviction for
aggravated sexual assault in accordance with the indictment, the State must
prove the defendant intentionally or knowingly either: (1) caused penetration
of the female sexual organ of another by any means, without that person=s consent,
or (2) caused the penetration of the mouth of another person by the sexual
organ of the actor, without that persons consent.  Tex.
Pen. Code Ann. ' 22.021(a)(1)(A)(i), (ii)  (Vernon 2003) (emphasis added).  The lack of consent can be proven by the
threat or use of physical force or violence. 
Id. ' 22.011(b)(1), (2).  Aggravated sexual assault also requires proof
of an aggravating element.  See id.
'
22.021(a)(2)(A)(i)B(vi).  
In the instant case, the first paragraph of the indictment alleges two
additional elements, either of which is sufficient to support aggravated sexual
assault.  The two additional elements are
the defendant: (1) by acts or words placed the victim in fear that serious
bodily injury would be imminently inflicted on her; and (2) used and exhibited
a deadly weapon in the course of the same criminal episode.  In the second paragraph of the indictment,
the additional aggravating element is that defendant used and exhibited a
deadly weapon in the course of the same criminal episode.      








A. 
Consent:  Threat of Force and
Violence       

In his first, second, third, and fourth points
of error, appellant contends the evidence is legally and factually insufficient
to support his conviction under the first and second paragraphs of the
indictment because the State failed to prove that he threatened the complainant
with force and violence and that he used force and violence.  Specifically, appellant argues the only
evidence that he made a threat was S.I.=s testimony.  He denied making a threat and said it was
consensual.

Appellant=s first two points
of error challenge the legal and factual sufficiency of the evidence supporting
the jury=s conclusion
appellant=s penetration of complainant=s mouth and female
sexual organ was without her consent.  As
noted above, Texas Penal Code section 22.021 refers back to section 22.011 for
purposes of determining whether the aggravated sexual assault was without the consent
of the other person.  See id. ' 22.021(c)
(referring to section 22.011(b)).  That
section contains ten factors used to determine lack of consent to a sexual
assault.  The State used factor two which
is as follows: the actor compels the other person to submit or participate by
threatening to use force or violence against the other person, and the other
person believes that the actor has the present ability to execute the
threat.  Id. '
22.011(b)(2).           

S.I. testified she did not consent to any
sexual act with appellant.  She claimed
appellant threatened her with two knives. 
S.I. testified that appellant told her he would Ashed her blood@ and that he would
Aend it all.@  Appellant=s knives and
threats kept her in fear throughout the ordeal. 
S.I. believed appellant would carry out the threats if she did not
perform the requested sexual acts.  When
she did not cooperate with appellant=s demands, he
brandished the knife and said he was going to Aend it all.@  However, appellant contends the encounter was
consensual and that he did not make any threats.             








The testimony of a victim, standing alone
is sufficient to support a conviction for sexual assault.  Villalon v. State, 791 S.W.2d 130, 133
(Tex. Crim. App. 1990); Jensen v. State, 66 S.W.3d 528, 534 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d). 
AA decision is not
manifestly unjust merely because the jury resolved conflicting views of the
evidence in favor of the State.@  Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997).  Moreover, the
jury is the sole judge of credibility of the witnesses at trial.  See Johnson, 23 S.W.3d at 6.  There is nothing in the record to suggest the
jury=s resolution of
this conflicting testimony was not reasonable. 
Viewing the evidence in a light most favorable to the verdict, we find
sufficient evidence to permit a rational trier of fact to conclude appellant
threatened S.I. with force and violence beyond a reasonable doubt.  Similarly, after considering the evidence in
a neutral light, the evidence is not too weak to support the finding of this
element demonstrating lack of consent beyond a reasonable doubt, and contrary
evidence was not so strong to conclude the reasonable doubt standard could not
be met.  Therefore, appellant=s first and second
points of error are overruled.[2]

B.  Aggravated
Sexual Assault:  Use of a Deadly Weapon 

In his fifth and sixth points of error,
appellant argues the evidence is legally and factually insufficient to support
his conviction because the State failed to prove the knife used constituted a
deadly weapon.[3]  Specifically, appellant claims the evidence
is insufficient to prove he used a knife, or, if a knife was used, that the
knife in question was a deadly weapon. 








A knife is not a deadly weapon per
se.  Thomas v. State, 821 S.W.2d
616, 620 (Tex. Crim. App. 1991). 
However, the State may show a knife to be a deadly weapon if the manner
of its use or intended use is capable of causing serious bodily injury or
death.  Hawkins v. State, 605
S.W.2d 586, 588 (Tex. Crim. App. 1980). 
In ascertaining whether a particular knife is a deadly weapon by its
actual or intended usage, we consider several factors articulated by Texas
courts, including: (1) the size, shape, and sharpness of the knife; (2) the
manner of its use or intended use, such as verbal threats and gestures; (3) the
nature or existence of inflicted wounds; (4) the testimony of the knife=s life-threatening
capabilities; and (5) the physical proximity of the accused and the
victim.  See Thomas, 821 S.W.2d at
620; Garcia v. State, 17 S.W.3d 1, 4 (Tex. App.CHouston [1st
Dist.] 1999, pet. ref=d); Wade v. State, 951 S.W.2d 886,
892 (Tex. App.CWaco 1997, pet. ref=d).  Although injuries are among factors to be
weighed, wounds need not be inflicted before a knife can be found to be a
deadly weapon.  Miller v. State,
846 S.W.2d 365, 369 (Tex. App.CHouston [14th
Dist.] 1992, no pet.).      

In support of his argument, appellant
contends: (1) the knives were never recovered; (2) the complainant was not
injured by a knife; and (3) there was no testimony regarding the length of the
blades or their relative sharpness.  We
find no merit in appellant=s argument.  First, the State is not required to offer the
deadly weapon into evidence to meet its burden of proof.  Victor v. State, 874 S.W.2d 748, 751
(Tex. App.CHouston [1st Dist.] 1994, pet. ref=d) (citing
Morales v. State, 633 S.W.2d 866, 868 (Tex. Crim. App. [Panel Op.]
1982)).  Second, it is not necessary that
the knife inflict wounds.  Birl v.
State, 763 S.W.2d 860, 863 (Tex. App.CTexarkana 1988, no
pet.); see Brown v. State, 716 S.W.2d 939, 946 (Tex. Crim. App.
1986).  Finally, contrary to appellant=s contention,
there was testimony regarding the length of the blades and their relative
sharpness.








In the present case, S.I. testified
appellant used two knives in his assault. 
S.I. testified to the size of both of the knives.  The first knife was six inches long and used
to force S.I. into his car.[4]  The second knife, retrieved from appellant=s kitchen, was
seven to eight inches long and used to threaten S.I. to submit to his
demands.  Appellant repeatedly threatened
S.I. with both of the knives.  He held
the first knife at S.I.=s leg and threatened to Ashed her blood.@  Appellant held the second knife within arm=s reach of S.I.=s forehead, put it
to her back while leading her to his bedroom, brandished it when S.I. would not
undress,[5]  and held the knife while forcing her to
perform oral sex.  S.I. testified that
throughout the ordeal, the use of the knife kept her in fear.  However, appellant claims the encounter was
consensual and that he did not use a knife. 
The record reflects S.I. suffered no physical wounds from the
knife.             

There is nothing in the record to suggest
the jury=s resolution of
this conflicting testimony was not reasonable. 
Viewing the evidence in a light most favorable to the verdict, we find
sufficient evidence to show beyond a reasonable doubt that appellant used or
exhibited a deadly weapon during the sexual assault.  Similarly, after considering the evidence in
a neutral light, the evidence is not too weak to support the finding the knives
were deadly weapons beyond a reasonable doubt, and contrary evidence was not so
strong to conclude the reasonable doubt standard could not be met.  We overrule appellant=s fifth and sixth
points of error.         

The judgement of the trial court is
affirmed.  

 

 

 

____________________________

John S.
Anderson

Justice

 

 

Judgment
rendered and Opinion filed January 6, 2005.

Panel
consists of Justices Anderson, Hudson, and Frost.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  To protect the
victim=s identity, in the opinion we refer to her by her
initials. 





[2]  Because we
determine the evidence is legally and factually sufficient to  prove appellant threatened the
complainant with force and violence, we need not determine whether the evidence
is sufficient to establish appellant used force and violence.  See Rabbani v. State, 847 S.W.2d 555,
558 (Tex. Crim. App. 1992).  Thus, we do
not reach appellant=s third and fourth points of error.  





[3]  A deadly
weapon is anything manifestly designed, made, or adapted for the purposes of
inflicting serious bodily injury; or, anything that in the manner of its use or
intended use is capable of causing death or serious bodily injury.  Tex.
Pen. Code Ann. ' 1.07(a)(17)(A),(B) (Vernon 2003).





[4]  S.I. testified
she saw the point of the knife and thought it was sharp.  





[5]  While wielding
the knife, appellant told S.I. he was Agoing to
get it all over with because she was giving him a hard time.@