ACCEPTED
01-15-00144-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/7/2015 4:36:16 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00144-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/8/2015 11:06:00 AM

CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS

## OF TEXAS

## FIRST SUPREME JUDICIAL DISTRICT

### DERICK DESHAWN GILBERT, APPELLANT

### VS.

### STATE OF TEXAS, APPELLEE

## APPELLANT'S BRIEF

**TERRENCE GAISER**
**LAWYER FOR APPELLANT**
**2900 SMITH STREET, # 220**
**HOUSTON, TEXAS 77006**
**SBOT# 07572500**
**713/ 225-0666**
**tagaiser@aol.com**

# INDEX

INTERESTED PARTIES-----------------------------------------------------p.2

INDEX OF AUTHORITIES------------------------------------------------p.3

PRELIMINARY STATEMENT-------------------------------------------p.4

STATEMENT OF COUNSEL----------------------------------------------p.5

STATEMENT OF THE CASE---------------------------------------------p. 6

     FARETTA V. CALIFORNIA-----------------------------------------p.6

     PRETRIAL MOTIONS-----------------------------------------------p.7

     INDICTMENT & EVIDENCE-------------------------------------p.7

PUNISHMENT HEARING -----------------------------------------------p.10

CONCLUSION---------------------------------------------------------------p.13

CERTIFICATE OF COUNSEL------------------------------------------p.14

CERTIFICATE OF SERVICE--------------------------------------------p.15

CERTIFICATE OF COMPLIANCE------------------------------------p.15

# INTERESTED PARTIES

Hon. Denise Bradley, Judge
262nd District Court
Harris County Criminal Justice Center
1201 Franklin Street
Houston, Texas 77002


Ms. Erin Epley & Ms. Jamie Burro
Assistant District Attorneys (at Trial)
1201 Franklin Street
Houston, Texas 77002


Mr. Alan Curry
Assistant District Attorney (on Appeal)
1201 Franklin Street
Houston, Texas 77002


Mr. Derrick Deshawn Gilbert
Attorney *Pro Se* (at Trial)


Mr. Terrence Gaiser
Attorney for Appellant (on Appeal)
2900 Smith, Ste. 220
Houston, Texas 77006


Mr. Derrick Deshawn Gilbert., Appellant
TDCJ-ID 01077834
Eastham Unit
2665 Prison Road # 1
Lovelady, Texas 75851

# INDEX OF AUTHORITIES

**CASES:**

*Alvarez v. State*, 566 S.W.2d 612
(Tex.Crim.App. 1978).------------------------------------------------------------p.9

*Anders v. California*, 386 U.S. 738 (1967).----------------------------------p.5

*Birl v. State*, 763 S.W.2d 860
(Tex.App.—Texarkana 1988 no pet.).-----------------------------------------p.9

*Collier v. State*, 959 S.W.2d 621, 626
(Tex.Crim.App. 1997).------------------------------------------------------------p.6

*Combs v. State*, 652 S.W.2d 804
(Tex.App.-Houston[1stDist.] 1983 no pet.).----------------------------------p.13

*Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525,
 45 L.Ed.2d 562  (1975).---------------------------------------------------------p.6

*High v. State*, 573 S.W.2d 807
(Tex.Crim.App.1978).-------------------------------------------------------------p.5

*Samuel v. State*, 477 S.W.2d 611
Tex.Crim.App.1972).--------------------------------------------------------------p.13

*Studer v. State*, 799 S.W.2d 263
(Tex.Crim.App.1990).-------------------------------------------------------------p.8

**STATUTES & RULES:**

Articles 21.02 & 21.03, V.A.T.S., Code of Criminal Procedure.-----------p.9

Sections, 29.02 & 29.03 TEX.PENAL CODE.--------------------------------p.7

**CONSTITUTION:**

United States Constitution, Eighth Amendment.---------------------------p.13

NO. 1407722

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | HARRIS COUNTY,TEXAS |
| | § | |
| DERRICK DESHAWN GILBERT | § | 262ND JUDICIAL DISTRICT |

**APPELLANT'S BRIEF**

DERRICK DESHAWN GILBERT appeals from a judgment of guilt and seventy-five (75) year sentence for the offense of robbery by threats.

*PRELIMINARY STATEMENT*

On December 1, 2013, appellant was indicted for the offense of aggravated robbery, in cause number 1407722. The indictment alleged the use and exhibition of a deadly weapon, a knife. The indictment alleged two prior sequentially committed and convicted felony offenses making appellant an habitual offender. (TR. 14)

On May 7, 2014, the trial court went on record with regard to appellant's desire to represent himself. After a lengthy colloquy the court granted appellant's request and ordered that appellant's appointed counsel, Mr. Sam Maida, remain as standby counsel. (TR. 86 & R.2) On February 9, 2015, a jury was selected and sworn, and on the next day testimony continued. On February 10, 2015, the trial court granted appellant's motion

4

for an instructed verdict on the offense of aggravated robbery and submitted the case to the jury on the offense of robbery by threats. (R.5, 9) The same day the jury returned a verdict of guilty for the offense of robbery by threats. (TR. 74) The following day, February 11, 2015, the jury heard evidence and was charged on the issue of punishment. The jury assessed punishment at seventy-five years.

Throughout the entire proceedings appellant did not offer a single valid objection that was overruled or offer any evidence that was not admitted.

## *STATEMENT OF COUNSEL*

Inasmuch as counsel is of the opinion that this appellate record, by itself, presents no reversible error and no error upon which a direct appeal can be properly predicated, counsel will certify that this appeal is without merit and the prosecution of this appeal is frivolous. In compliance with the requirements of **Anders v. California**, 386 U.S. 738 (1967), and **High v. State**, 573 S.W.2d 807 (Tex.Crim.App.1978), and cases decided under those authorities counsel has reviewed the entire record of these cases and will set out the reasons these appeals are frivolous.

## *STATEMENT OF THE CASE*

The indictment alleges that appellant on or about October 29, 2013, did unlawfully while in the course of committing theft of property owned by Syed Zaidi, with intent to obtain and maintain control of the property intentionally and knowingly threaten and place the complainant in fear of bodily injury and death, and did then and there use and exhibit a deadly weapon, namely, a knife. (TR. 14)

**Faretta v. California.**

The trial court complied with the dictates of ***Faretta v. California***, 422 U.S. 806, 95 S.Ct. 2525 45 L.Ed.2d 562 (1975) and ***Collier v. State***, 959 S.W.2d 621, 626 (Tex.Crim.App. 1997), and held a pretrial hearing when appellant asked to proceed *pro se*. (R.2)

A record of the hearing is a virtual replay of the requirements set out in ***Faretta*** and ***Collier***. Appellant was aware of his right to appointed counsel because he had court-appointed counsel, Mr. Sam Maida, at the time of the hearing. The court had already appointed a private investigator to aid in the defense. The court learned that although appellant had a seizure disorder he did not have any mental issues. He finished the 10th grade and had a graduate equivalency degree, (GED). He had been through two previous trials and never raised the issue of mental competency. He had

been through Job Corp and could read and write. He "stays" in the law library when he is incarcerated. (R.2, 4-11) Appellant demonstrated a clear understanding of the nature of the charges against him. (R.2, 12)

Appellant understood the range of punishment for the offense and understood the enhancement paragraphs. (R.2, 12-14) He understood that the rules of evidence and rules of procedure applied to him, and he would have to follow them. (R.2, 15-19) The trial judge explained the severity of the allegations and possible result. (R.2, 19-21) The court acceded to appellant's request for standby counsel and appointed Mr. Maida to that position. The court carefully explained the extent of Mr. Maida's role. (R.2, 19-20)

At no point in the record does it appear that appellant's decision was not voluntary, knowing and intelligent. This is bolstered by the fact that the trial court granted his motion for instructed verdict.

**Pretrial Motions.**

Appellant received no adverse ruling on any pretrial motion. No error is shown.

**Indictment & Evidence.**

The indictment for aggravated robbery tracks the language of Sections 29.02 and 29.03(a)(2), **TEX.PENAL CODE**, and alleges the offense of

7

aggravated robbery. The indictment contains all the requisites of an indictment and states all elements necessary for the State to prove at trial. Articles 21.02 & 21.03, V.A.T.S., Code of Criminal Procedure. No motion to quash or dismiss the indictment was filed. The indictment is not fundamentally defective. No error is shown. *Studer v. State*, 799 S.W.2d 263 (Tex.Crim.App.1990).

The State offered the testimony of Syed Zaidi who was working the desk at the Medical Center Inn and Suites at 9000 Main Street on the evening of October, 29, 2013, when he saw someone just outside the locked, main door. He pushed the button to allow entry. When the individual he identified as appellant entered the door, he used a piece of white cloth to prop the door open. Zaidi asked him to pick up the cloth. Appellant refused. He approached Zaidi and said, "Hey man, I want to do it the easy way," then went behind the counter. Standing next to Zaidi he lifted his shirt and displayed a knife handle stuck in his waist in what appeared to be a plastic bag. Appellant took the money from the register. He made Zaidi get down on his knees and told him, "If you call the police, I will come back and kill you." Sometime later he identified appellant in a lineup. (R.4, 11-37)

Officer Ted Adams, a robbery investigator for the Houston Police Department, developed a suspect and had photos of the suspect. He went to

an apartment complex with the photo to find the suspect. When he mistakenly walked into the business office at the apartments, instead of the leasing office, appellant was using a computer. Appellant jumped up and asked him who he was and who he was looking for. Adams was surprised he had been so lucky. He walked out and called for backup. When it did not arrive promptly, he attempted to detain appellant and ended up in a foot chase before he could detain him. Later he was present at the lineup when the complainant identified appellant as the robber. (R.4, 60-74)

When the State rested, appellant moved for an instructed verdict. (R.4, 85-89) The following day the court granted the motion as to aggravated robbery and proceeded to charge the jury on robbery by threat. The jury found appellant guilty of robbery. (R.5, 4-16)

The cases cited by appellant, and those perused by the trial court, demonstrate the validity of the court's ruling and that this evidence is amply sufficient to sustain the jury verdict. *Alvarez v. State*, 566 S.W.2d 612 (Tex.Crim.App. 1978); *Birl v. State*, 763 S.W.2d 860 (Tex.App.— Texarkana 1988 no pet.).

There was no objection to the jury charge. There is no possible claim of egregious harm.

**Punishment.**

Appellant was arraigned and pled "not true' to the enhancement allegations of the indictment.

Officer Adams testified that after he arrested appellant, he obtained consent to search appellant's apartment from appellant's mother, the lessee. He obtained sunglasses, a watch and gold chain, white hats, and some shirts. All of the items were similar to items seen on videos being worn by the robber in a series of serial robberies where the *modus operandi* was similar to the one used in the Zaidi case.

The State presented evidence from the complainants in the serial robbery cases. Yesenia Reyes identified appellant as the perpetrator of a case on August 10, 2013, when she was working at the desk as a night auditor at the Holiday Inn Express at 8080 Main Street. Appellant jumped the counter and said, "Give me all the fuckin' money!" She ran and saw appellant go to the cash register. (R.6, 49-55)

Anthony Ellison was working at the desk at the Quality Inn and Suites at 2364 Southwest on October 12, 2013, when appellant entered, pointed a gun at him, and took the cash. Appellant told him, Give me the money or I'll kill you." (R,6, 64-69)

10

Laurel Henderson worked at Prime Storage at 9300 Main Street on October 1, 2013. A person entered the business office after hours using the ruse that he was there to make a payment. When he got in, he told the clerk he wanted the money. He told her he had a weapon. He pulled up his t-shirt to expose what looked like the handle of a pistol. He said, "Don't make me use this." He took the cash and told her not to call the police or he would come back and kill her. (R.6, 103-115) The video-surveillance and still photos from the video of the robbery were identified by Officer Adams as those of the appellant. (R.6, 20)

Detective Juan Quintana of the Webster Police Department investigating a case involving a complainant, Ashley Molina, and the November 3, 2013, robbery at the Springhill Suites. (R.6. 125-129) He developed a suspect through the Houston Police Department and created a photo lineup. (R.6, 129-132)

Ashley Molina worked at the Springhill Suites in November of 2013. She was working the desk at about two in the morning when appellant entered, engaged her in conversation, looked at a room and left. He returned in a few minutes, pulled what Molina thought was a gun in a bag, took the money and threatened her and her family. During the robbery he groped her

11

breast and butt. She identified appellant in Quintana's photo lineup. (R.6, 125-150)

The enhancement paragraphs of the indictment alleged that before the commission of the current offense, on March 12, 1992, in the 339th District Court of Harris County, Texas, appellant was convicted of delivery of a controlled substance in cause number 0620161. The indictment further alleged that after the conviction in 0620161 was final and before he committed the current offense, he committed the offense of assault-public servant and was convicted on October 2, 2002, in the 182nd District Court of Harris County Texas in cause number 902224. (TR. 14)

Travis Rawls, a crime scene investigator with the Harris County Sheriff's Department, was qualified as an expert witness in fingerprint analysis and comparison. He testified that he compared latent fingerprint exemplars that he took from appellant with fingerprints contained within jail cards and penitentiary packets from the Texas Department of Criminal Justice, Institutional Division. (R.6, 79-87) State's Exhibits # 40 and # 42 were admitted without objection. They contained penitentiary documents (R.6, 91) Officer Rawls connected appellant to the judgments of conviction in both documents. State's Exhibit # 42 contained a judgment of conviction for the offense of delivery of a controlled substance on March 12, 1992, in

the 339th District Court.  State's Exhibit # 40 contained a judgment of conviction for the offense of assault-public servant on October 2, 1992, in the 182nd District Court.  The judgment shows the offense in the latter case was committed on February 7, 2002.  (R.8, State's Exhibits # 40 and # 42)

The finding that the enhancement paragraphs are true is supported by sufficient evidence.  The punishment is within the range of punishment set by statute.  *Samuel v. State*, 477 S.W.2d 611 (Tex.Crim.App.1972); *Combs v. State*, 652 S.W.2d 804 (Tex.App.-Houston[1stDist.] 1983 no pet.).  There is no viable contention that the punishment is a violation of the Eighth Amendment's proscription against cruel and unusual punishment.  *United States Constitution*, Amendment Eight.

There is no error in the punishment proceedings.

## *CONCLUSION*

Appellant was indicted for the offense of aggravated robbery.  He knowingly and voluntarily waived his right to counsel and proceeded *pro se*.  His motion for instructed verdict as to a deadly weapon was granted.  He was convicted of robbery.  The punishment evidence showed he was an habitual offender as alleged in the indictment.  The punishment assessed by the jury was within the range set by law.

This is a frivolous appeal. This case should be affirmed

13

Respectfully Submitted,

S/Terrence Gaiser_____
TERRENCE GAISER
LAWYER FOR APPELLANT
2900 SMITH, STE. 220
HOUSTON, TEXAS 77006
SBN: 07572500
713/225-0666
 tagaiser@aol.com


# *CERTIFICATE OF COUNSEL*

In compliance with the requirements of ***Anders v. California***, 386 U.S. 738 (1967), and ***High v. State***, 573 S.W.2d 807 (Tex.Crim.App.1978), counsel for DERRICK DESHAWN GILBERT, on this appeal, states that he has diligently reviewed the entire appellate record in this case and the law applicable thereto and, in his opinion, the appeal of the judgment of conviction in this case is without merit and is frivolous because the record reflects no reversible error. Further it is the opinion of the undersigned that there are no grounds upon which an appeal can be predicated.

The undersigned is serving a copy of this brief on the appellant. At the same time the undersigned informed appellant by letter that it is counsel's view that the appeal is wholly without merit and that he has the right to view the record and to file a *pro se* appellate brief should he so desire. Appellant has been informed that the court will be requested to make the record available to him and to grant an extension of time for filing of a *pro se* brief, if desired.

S/ Terrence Gaiser____
TERRENCE GAISER

14

## *CERTIFICATE OF SERVICE*

I CERTIFY THAT A COPY OF THE ABOVE AND FOREGOING APPELLANT'S BRIEF IS BEING SERVED ON ALL PARTIES OF RECORD ACCORDING TO THE RULES.

S/ Terrence Gaiser____
TERRENCE GAISER

## *CERTIFICATE OF COMPLIANCE*

I CERTIFY THAT THE ABOVE AND FOREGOING APPELLANT'S BRIEF FILED IN THE ABOVE-STYLED CASE CONTAINS LESS THAN 3000 WORDS ACCORDING TO THE MICROSOFT WORD PROGRAM USED TO GENERATE THIS DOCUMENT.

S/ Terrence A. Gaiser
TERRENCE A. GAISER