Prentice Almeric HOLIDAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–98–00807–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 17, 2000.

Patrick F. McCann, Houston, for Appellant.

Rikke Burke Graber, Asst. Dist. Atty., John B. Holmes, Houston, for State.

Panel consists of Justices COHEN, TAFT, and SMITH.*

## OPINION

JACKSON B. SMITH, Jr., Justice (Retired).

A jury convicted appellant of capital murder. The State did not seek the death penalty, and the trial court automatically assessed punishment at life in prison. We affirm.

### Facts

Appellant was a member of the Five Deuce Hoover Crip gang. He, two fellow gang members, Lamont Profitte and Cary Howard, and another man, James Godbolt, decided to go to MacGregor Park and commit a carjacking. Profitte carried a loaded rifle to the park.

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

The four men attacked a jogger, Levi Perry, whom they thought owned the car they were targeting. Perry was shot four times, and his watch was stolen. Perry died as the result of his injuries. Appellant's fingerprints matched those on the tape wrapped around the butt of the recovered weapon.

### Analysis

■ In the first point of error, appellant contends it was error to admit Lamont Profitte's oral statement given to Sergeant Belk. The appellant objected regarding both hearsay, not within the exception for statements against penal interest, and confrontation.

Appellant's objection to Sergeant Belk's testimony in the trial court was "... our objection would be that it [Sergeant Belk's testimony] violates our confrontation issues with Lamont Profitte, not only federally but also in the state constitution."

Profitte's only direct statement to Sergeant Belk that would inculpate appellant in the murder of Levi Perry came about on examination by the prosecutor as follows:

PROSECUTOR: Did Lamont Profitte tell you that he had gone to MacGregor Park on the night of May 31, 1994?

SERGEANT: Yes ma'am he did.

PROSECUTOR: Did he tell you who was with him?

SERGEANT: Yes ma'am.

PROSECUTOR: Who did he say was with him?

SERGEANT: He said a friend by the name of James, another two associates by the names of Little Boo Gee' and Little C–Rock.

Sergeant Belk testified that he reduced Profitte's statements to writing and Profitte asked him to delete the three paragraphs describing the three members of the Five Deuce Hoover Crips gang because "he wasn't going to snitch on his other gang members" and "he wasn't go-ing to violate the code of the gang." On redirect, Sergeant Belk testified:

PROSECUTOR: What was in the three paragraphs?

SERGEANT: ... then the second paragraph described the defendant [Prentice Almeric Holiday] as Boo Gee' and that he was a member of Five Deuce Hoover Crips....

Other than occasional references describing how "the group" fled after the shooting, there were no other statements made by Profitte to Sergeant Belk that would connect appellant to Perry's murder.

■ Appellant asserts Sergeant Belk's testimony of what Profitte related to him is an out-of-court hearsay statement that deprives him of the right to confront Profitte. The Sixth and Fourteenth Amendments to the United States Constitution guarantee a defendant's right to confront witnesses against him. *Lilly v. Virginia,* 527 U.S. 116, 122, 119 S.Ct. 1887, 1893, 144 L.Ed.2d 117 (1999). A narrow exception to the confrontation clause rule is when the veracity of the statements by the nontestifying witness is sufficiently dependable to allow the untested admission of the statements. *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980). Two methods have been utilized to test the veracity of such statements: (1) the evidence falls within a firmly rooted hearsay exception or (2) the evidence contains particularized guarantees of trustworthiness to such an extent that adversarial testing would be expected to add little, if anything, to the statement's reliability. *Lilly,* 527 U.S. at 122, 119 S.Ct. at 1893 (1999); *Roberts,* 448 U.S. at 66, 100 S.Ct. at 2539.

The evidence in this case meets the trustworthiness test in that the evidence contains particularized guarantees of trustworthiness. The testimony of Sergeant Belk, relating Profitte's statements, contained no statements of specific actions by appellant. It only placed appellant at the scene of the murder with the other members of the group. This same evidence

was in appellant's confession, was in James Godbolt's testimony, and was circumstantially corroborated by other witnesses who testified they saw four persons attack Perry. All of the evidence is consistent that appellant was present with the three others at the time Perry was murdered. It was not contradicted, and it meets the trustworthiness test.

■ The Texas Court of Criminal Appeals has recognized the potential problems that may arise when a declarant's statement not only inculpates himself, but also exposes the defendant to criminal liability. *Cofield v. State*, 891 S.W.2d 952, 955–56 (Tex.Crim.App.1994). Such cases require us to construe the scope of Texas Rule of Evidence 803(24), the hearsay exception for statement's against the declarant's penal interest.[1] Nevertheless, the court refused to hold that a hearsay statement inculpating not only the declarant, but also the defendant, is never admissible. Instead, the court held that such a statement is admissible if sufficient corroborating facts assure that the statement is not a fabrication. *Cofield*, 891 S.W.2d at 956.

In Texas, while no definitive test exists by which to gauge the existence of corroborating circumstances, the Court of Criminal Appeals has looked to (1) whether the guilt of the declarant is inconsistent with the guilt of the accused; (2) whether the declarant was so situated that he might have committed the crime; (3) the time of the declaration and its spontaneity; (4) the party to whom the declaration was made; and (5) the existence of independent, corroborating facts. *Davis v. State*, 872 S.W.2d 743, 749 (Tex.Crim.App.1994).

There are factors that support the admission of Profitte's statement. First, Profitte's guilt is not inconsistent with ap-

pellant's guilt. Several witnesses testified the men acted together, and the jury was instructed on the law of parties. Second, Profitte was situated so that he could have committed the crime. Profitte did not deny that he was at the park with appellant and admitted he wrestled with Perry for the gun. The evidence indicates that Profitte was in possession of the gun and that it was he who shot Perry several times. Third, Profitte made his statement to Sergeant Belk immediately after he had been arrested and apprized of his rights.

Finally, many details of Profitte's statement were corroborated. Godbolt's account of the crime was very similar to Profitte's, confirming who was in the group, what their motivations were, how the attack happened, and that a watch was ultimately taken. Eyewitness accounts verified that Mr. Perry struggled with four young men before he was shot. It is also noteworthy that Profitte's statement placed most of the blame on himself. While the statement proved appellant was at the scene of the murder, Profitte did not specify how, or if, appellant participated in the offense. Therefore, Profitte did not give his statement merely to shift blame, curry favor, or divert attention to another.

All the circumstances surrounding the taking of Profitte's statement, along with the corroborated facts in the statement, give credence to its reliability. The statement was, therefore, admissible under the rule of *Cofield*, and we hold that the trial court did not abuse its discretion by allowing Sergeant Belk to testify in this regard. *See Coffin v. State*, 885 S.W.2d 140, 149 (Tex.Crim.App.1994); *compare Zarychta v. State*, 961 S.W.2d 455, 457, 460 (Tex. App.—Houston [1st Dist.] pet. ref'd) (holding to the contrary when statement of the

---

1. Rule 803(24) provides as follows: "A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, or to make the declarant an object of hatred, ridicule, or disgrace, that a reasonable person in his position would not have made the statement unless believing it to be true. In a criminal case, a statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." Tex.R. Evid. 803(24).

co-defendant contradicted defendant's confession about crucial fact of whether defendant ordered co-defendant to shoot victim or pleaded with co-defendant not to shoot victim).

We overrule the first point of error.

■ In the second point of error, appellant contends it was error for the trial court to refuse appellant's requested jury instructions on lesser included offenses of assault, robbery, and theft.

■ To determine whether an instruction for a lesser included offense is required, appellate courts apply a two part test. *Rousseau v. State,* 855 S.W.2d 666, 673 (Tex.Crim.App.1993). First, the lesser included offense must be included within the offense charged. *Id.* Second, there must be some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty of only the lesser offense. *Id.* Appellate courts should review all the evidence presented at trial in making this determination. *Bignall v. State,* 887 S.W.2d 21, 23 (Tex.Crim.App.1994).

Robbery, assault, and theft may be lesser included offenses of capital murder. The first prong of the test is met. We next determine whether there is evidence in the record that would permit a jury rationally to find that appellant was guilty only of robbery, assault, or theft.

To be entitled to a jury charge on the lesser offense of robbery, there must be evidence in the record that would permit a rational jury to find that appellant, while committing a theft, caused, threatened, or placed Mr. Perry in fear of bodily injury, without using a deadly weapon, without intending to cause Mr. Perry's death, or without causing or threatening serious bodily injury. *See* Tex. Penal Code Ann. § 29.02(a) (Vernon 1994).

To be entitled to a charge on the lesser included offense of assault, the evidence must show that appellant caused or threatened bodily injury to Mr. Perry, but did not intend to kill Mr. Perry or commit a theft of his property. *See* Tex. Penal Code Ann. § 22.01 (Vernon 1994).

To be entitled to a jury instruction on the lesser included offense of theft, there must have been evidence proving appellant committed a theft of Mr. Perry's property, but did not injure or threaten him in any way. *See* Tex. Penal Code Ann. § 31.03(a) (Vernon 1994).

Appellant testified he was completely unaware of plans to rob anyone. He did not know Profitte had a gun, and he had not engaged in any conversation regarding the robbery. He did not understand the nature of the struggle between Profitte and Mr. Perry. When he heard the gunshot, he did not know which man had been shot. When he saw Mr. Perry's injuries, he got scared and ran away.

Appellant's version of the facts indicates that he is guilty of no offense. He testified he did not steal anything from Mr. Perry; thus, he is not guilty of theft. He testified he did not strike or threaten Mr. Perry; therefore, he is not guilty of assault. Appellant expressly testified that he walked up to Profitte and Mr. Perry after the gun had been fired and pulled Profitte off Mr. Perry. He noticed Mr. Perry's wounds and shook him. The clear implication is that appellant was shaking Mr. Perry to determine his condition, not to cause or threaten bodily injury. If he is guilty of neither theft nor assault, he is also not guilty of robbery under the facts shown.

Nor is there any other evidence in the record showing appellant's guilt only of the lesser offense of robbery, assault, or theft. Therefore, the trial court properly denied appellant's requested instructions on the lesser included offenses of robbery, assault, and theft.

We overrule the second point of error.

■ In the third point of error, appellant contends the trial court erred by excusing juror Kimberly Batiste after jury selection was concluded. Appellant argues

the record fails to show Batiste was absolutely disqualified from jury service and, thus, the State should not have been permitted to use its remaining peremptory strike to exclude her.

The record shows that after the jury was empaneled, the State requested the jury not be sworn until the next morning so that the State could run additional criminal background checks overnight. The next morning, before the jury was sworn or the trial commenced, the State advised the court that its investigation revealed some problem with worthless check cases filed against Batiste, one of the unsworn panelists, in the justice of the peace courts. Although the court determined by questions to Batiste that all checks had been made good and charges dropped, it permitted the State to use one of its unused peremptory strikes to remove Batiste.

Permitting the State to use a peremptory strike after the jury had been selected so that an alternative juror will serve is contrary to article 35.26(a) of the Code of Criminal Procedure, which states, "When parties have made or *declined to make* their peremptory challenges, they shall deliver their lists to the clerk. Except as provided in subsection (b) of this section [death penalty cases], the clerk shall, if the case be in district court, call off the first twelve names on the lists that have not been stricken ... *Those whose names are called shall be the jury."* Tex.Code Crim. P. Ann. art. 35.26(a) (Vernon 1989) (emphasis added). We need not consider whether appellant was harmed, however, because he did not object at trial on this basis. Tex.R.App. P. 33.1.

We overrule the third point of error.

■ In the fourth point of error, appellant attacks the legal sufficiency of the evidence to support his conviction, claiming the State failed to prove he intended for the victim to be killed.

The jury received a charge on the law of parties and, thus, was authorized to convict appellant of capital murder if it found he was a party to Perry's intentional murder occurring in the course of a robbery. *See* Tex. Penal Code Ann. §§ 7.02(a)(2), 7.02(b) (Vernon 1994).[2] The usual standard of review applies. *Mason v. State,* 905 S.W.2d 570, 574 (Tex.Crim.App.1995).

The State presented evidence that appellant, Profitte, Godbolt, and Howard went to MacGregor Park to commit a carjacking. Godbolt defined a carjacking as "put[ting] a weapon in someone's face and demanding the keys." In furtherance of this goal, the four men took a loaded rifle with them to the park. The gun was wrapped with tape, which, when tested by the police, ultimately proved to be covered with appellant's fingerprints.

Eyewitnesses testified that all four men wrestled with Perry. Appellant participated in this attack on Perry despite his knowledge that Profitte had a loaded weapon. Profitte's claim that the shooting was an accident is disputed by the medical examiner's finding that Perry was shot four times and by eyewitness testimony that the shooter began to run away, then returned to again shoot Perry.

■ Evidence is legally sufficient to convict under the law of parties when the defendant is physically present at the commission of the offense and encourages its commission by acts, words, or other agreement. *Ransom v. State,* 920 S.W.2d 288, 302 (Tex.Crim.App.1994). Moreover, the

---

2. Section 7.02(a)(2) states, "A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." Section 7.02(b) provides "If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy."

jury may infer the intent to kill from the use of a deadly weapon. *Jones v. State,* 944 S.W.2d 642, 647 (Tex.Crim.App.1996).

The evidence establishes that appellant and his three accomplices planned to commit an aggravated robbery and took a loaded gun along to aid them in their endeavor. Appellant participated in the attack on Perry, knowing that Profitte had a loaded gun and intended to steal a car. Thus, the evidence proves appellant was present at the commission of the crime and encouraged the crime's commission by wrestling with Perry while knowing that Profitte was armed with a loaded gun. It was reasonable for the jury to infer appellant's intent to kill. It was also reasonable for the jury to find that appellant was a conspirator to aggravated robbery and should have anticipated that Profitte would commit murder in furtherance of the conspiracy to commit aggravated robbery. We hold that the evidence is legally sufficient to support the conviction.

We overrule the fourth point of error.

The judgment of the trial court is affirmed.