Opinion issued March 17, 2005





     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00179-CR




RONALD HERNAN FLORES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 944673




MEMORANDUM OPINIONRonald Hernan Flores pleaded not guilty to capital murder. A jury found him
guilty, and the trial court assessed punishment at life imprisonment. We hold that the
evidence is legally and factually sufficient to support the conviction and that the trial
court did not err in failing to include a lesser-included-offense charge. We therefore
affirm. 
The Facts
          Flores and a friend nicknamed, “Polo” drove to the Hunter’s Forest apartment
complex. They intended to rob a drug dealer and resell any drugs obtained for profit. 
Eric Henry approached and asked if they wanted to buy drugs. In Spanish, Flores
asked Polo if he wanted to rob Henry, and Polo responded affirmatively. Flores and
Polo brandished weapons, told Henry not to move, and ordered that Henry give them
his drugs. Henry turned and ran. 
          In a written statement to the police, Flores states that he had attempted to shoot
Henry with his .25 caliber handgun, but his gun did not fire, and then Polo shot Henry
with Polo’s .44 magnum handgun. Flores explains that he had been under the
influence of drugs, which had made him act “brave,” “crazy,” and forgetful. Flores
further states that, the next day, he confessed to his girlfriend, Janet Najera, that he
and Polo “had killed a guy.” In contrast, Najera testified that Flores told her that
Flores shot Henry because he had told Henry “not to move,” and “the guy didn’t
listen to him.” 
          After the shooting, Flores and Polo fled from the apartment complex. Flores
then convinced Najera to rent a motel room for him. Police officers later found Flores
at the motel and arrested him. The officers recovered two firearms from the motel
room, but did not recover the murder weapon. 
          A forensic analysis determined that a .44 caliber fired the fatal shot. Flores’s
.25 caliber was in good working condition and had never misfired. An autopsy on
Henry’s body revealed that he died from a gunshot wound. The trial court admitted
State’s exhibit 39, an autopsy photograph, which showed a circular hole in the upper-middle of Henry’s back. The assistant medical examiner testified that the “victim’s
back was pointing towards the gun,” and the bullet’s entry path was consistent with
a bullet fired from someone seated, into the back of someone standing, as though the
victim were “attempting to run away.” She explained that, as the bullet traveled
“slightly upward and mostly back to front,” it broke several ribs, “completely
destroyed the spinal column in that area,” tore a part of the right lung, and caused
bleeding in the right chest cavity. The medical examiner later testified that Henry
“died of a gunshot wound to the chest.” 
Sufficiency of the Evidence
          Flores contends that the evidence is legally and factually insufficient to prove
that he committed capital murder. In a legal-sufficiency review, we view all of the
evidence in the light most favorable to the verdict and then determine whether a
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). 
In a factual sufficiency review, we view all of the evidence in a neutral light, and we
will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Id. (citing Zuniga v.
State, 144 S.W.3d 477, 483 (Tex. Crim. App. 2004)). Although our analysis
considers all the evidence presented at trial, the trier of fact is the exclusive judge of
the facts, the credibility of the witnesses, and the weight to be given to their
testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). We may
not substitute our own judgment for that of the fact finder. Johnson v. State, 23
S.W.3d 1, 12 (Tex. 2000). 
          Capital Murder
          A person commits capital murder if “the person intentionally commits the
murder in the course of committing or attempting to commit” robbery. Tex. Pen.
Code Ann. § 19.03 (Vernon Supp. 2004-2005). Flores asserts that he is guilty of the
lesser-included offense of felony murder.


 The element distinguishing capital murder
from felony murder is the intent to kill. Threadgill v. State, 146 S.W.3d 654, 665
(Tex. Crim. App. 2004). Flores admits that he intended the robbery, but asserts that
he lacked the requisite intent to kill. 
          The trial court charged the jury on the law of parties. Flores therefore is
criminally responsible for Polo’s conduct if, acting with intent to promote or assist
the commission of the offense, Flores solicited, encouraged, directed, aided, or
attempted to aid Polo to commit the offense. See Tex. Pen. Code Ann. § 7.02(a)(2)
(Vernon 2003). 
          In a capital murder case, a jury may infer the intent to kill from the use of a
deadly weapon unless it would be unreasonable to infer that death or serious bodily
injury could result from the use of the weapon. Jones v. State, 944 S.W.2d 642, 647
(Tex. Crim. App. 1996); Holiday v. State, 14 S.W.3d 784, 789-90 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d). According to Najera’s testimony, Flores
shot Henry because he had told Henry “not to move,” and “the guy didn’t listen to
him.” Flores admitted to the police that he arrived at the apartment complex with a
loaded firearm and with the intent to rob a drug dealer. If Flores had intended to use
the gun merely to scare his victim, he could have removed the bullets. See Mouton
v. State, 923 S.W.2d 219, 223 (Tex. App.—Houston [14th Dist.] 1996, no pet.)
(holding that evidence sufficient to support capital murder because defendant knew
gun was loaded, despite his testimony that he accidentally fired it). 
          After the shooting, Flores fled the scene and hid in a rented motel room. 
Evidence of flight may evince a consciousness of guilt. Bigby v. State, 892 S.W.2d
864, 883 (Tex. Crim. App. 1994); see also Thompson v. State, 691 S.W.2d 627, 630
(Tex. Crim. App. 1984) (holding evidence sufficient to establish intent to kill for
capital murder conviction because defendant shot victim at close range and fled
scene). Viewing all of the evidence in the light most favorable to the verdict, a
rational trier of fact could have established that Flores is guilty of capital murder as
a primary actor. We thus hold that the evidence is legally sufficient to support the
conviction. 
          Alternatively, if Polo shot Henry, as Flores claimed in his written statement,
the trial court instructed the jury on the law of the parties. See Tex. Pen. Code Ann.
§ 7.02(a)(2). Flores relies on Tippitt v. State, in which the Fort Worth Court of
Appeals held that insufficient evidence existed to support a conviction as a party to
capital murder. 41 S.W.3d 316, 324 (Tex. App.—Fort Worth 2001, no pet.). In
Tippitt, the defendant neither carried a weapon nor knew that his companion carried
one. Id. at 325-26. Unlike Tippitt, however, Flores carried a loaded weapon and
knew that his companion carried a loaded weapon. Moreover, Flores admits that he
pointed a loaded gun at Henry and pulled the trigger. According to Flores, when his
gun did not fire, Polo shot Henry. Viewing all of the evidence in the light most
favorable to the verdict, a rational trier of fact could have established that Flores is
guilty of capital murder as a party to the offense. We thus hold that the evidence is
legally sufficient to support the conviction. 
          Turning to factual sufficiency, we view all of the evidence in a neutral light. 
The officers never found the murder weapon. Flores asserts that Polo shot Henry
with Polo’s .44 magnum handgun, and a forensic analysis determined that a .44
caliber fired the fatal shot. Flores further asserts that he had attempted to shoot Henry
with his .25 caliber handgun, but his gun did not fire. An inconsistency in the
evidence exists because the forensic analysis determined that Flores’s .25 caliber was
in good working condition and had never misfired. Another inconsistency exists
because the medical examiner testified that Henry was shot in the back; however, she
later testified that Henry “died of a gunshot wound to the chest.” 
          Despite these inconsistences, the State’s evidence in this case is not inherently
weak. The jury, as the exclusive judge of the facts, was authorized to accept or reject
any or all of this testimony. See Sharp, 707 S.W.2d at 614. Given the autopsy photo
showing a back wound and the medical examiner’s initial testimony about a back
wound, the jury was entitled to view her later testimony about a chest wound either
as a misstatement or a clarification of the bullet’s path and destruction of the chest
cavity. Viewing all of the evidence in a neutral light, the evidence is not so weak that
the verdict is clearly wrong and manifestly unjust; therefore, we hold that the
evidence is factually sufficient to support the conviction. 
Lesser-Included Offense
          Flores contends that the trial court erred in failing to charge the jury sua sponte
on the lesser-included offense of felony murder.


 Flores concedes that he is “on
shaky ground” because his counsel did not request a lesser-included-offense charge.
We do not consider a trial court’s failure to include a lesser-included-offense charge
if the defendant does not request that the trial court submit such a charge to the jury
at trial. Thomas v. State, 701 S.W.2d 653, 656 (Tex. Crim. App. 1985); see also
Posey v. State, 966 S.W.2d 57, 63 (Tex. Crim. App. 1998) (holding that trial court has
no duty to sua sponte instruct jury on “defensive issue” of defense of mistake of fact). 
Flores did not request a lesser-included-offense charge; therefore, we do not consider
this issue on appeal. See Thomas, 701 S.W.2d at 656.Conclusion
          We affirm the judgment of the trial court. 
 

                                                             Jane Bland
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.
Do not publish. Tex. R. App. P. 47.2(b).