NO. 07-06-0091-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MAY 7, 2007


______________________________



STEPHEN MICHAEL MCMAHON, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;



NO. 6617; HON. STEVEN R. EMMERT, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant Stephen Michael McMahon appeals the revocation of his probation. In
challenging the decision, he contends: 1) the trial court erred in failing to file findings of
fact and conclusions of law, 2) his plea of guilty was involuntary due to a plea bargain that
was breached by the State, 3) his plea of guilty was involuntary because of an improper
plea bargain, 4) the trial court erred in failing to grant his motion for specific performance
of the plea bargain, 5) the trial court erred in refusing to allow him to withdraw his guilty
plea, and 6) the evidence is insufficient to support the revocation. We affirm the judgment
of the trial court.

 Background 

 Appellant pled guilty to the offense of injury to a child on November 3, 2003,
pursuant to a plea agreement. That agreement called for a ten-year suspended sentence,
a fine of $2,500, 240 hours of community service, waiver of the right of appeal, and
dismissal of Cause No. 5990. The agreement was accepted, and judgment was entered
upon the plea. In that judgment, the trial court also ordered that the Sex Offender
Registration Requirements were not to apply to appellant. 

 Later, the State filed a motion to modify the conditions of appellant's probation. 
Among those modifications appeared the duty to attend a treatment program for sex
offenders. After a hearing at which appellant vigorously argued that the changes violated
his plea agreement, the trial court granted the motion and modified the terms of his
probation. 

 Thereafter, the State moved to revoke appellant's community supervision alleging
he had violated the conditions of his probation by 1) reporting to his counseling session on
May 10, 2004, smelling strongly of alcohol (condition 3), 2) refusing to provide a urine
sample on March 12, 2004 (condition 14), 3) failing to attend two sex offender counseling
sessions in a row (condition A3), 4) being delinquent in the payment of fees for those
sessions (condition A3), and 5) reporting to one of those counseling sessions while
smelling strongly of alcohol on May 10, 2004 (condition A3). At the subsequent hearing,
appellant voiced objections to any revocation being based on the conditions added via the
State's prior motion to modify. However, he informed the trial court that if the State
dropped the A3 ground relating to his failure to attend the two counseling sessions, he
would relinquish his complaints regarding the State's alleged failure to properly notify him
of the grounds upon which it sought revocation. The State agreed to do so, and the trial
court acknowledged that the particular ground was being abandoned by the State. 

 When asked how he pled to the remaining grounds, appellant said the allegations
involving violation of condition 3 and the remaining portion of A3 were "true." Violation of 
condition 14 was denied, however. Subsequently, the parties presented their evidence,
and when they finished, the trial court orally found that appellant had indeed violated
condition 3, the remaining portion of A3, and 14. So too did it revoke his probation and
sentence him to ten years imprisonment. 

 Issue 1 - Findings of Fact and Conclusions of Law

 Appellant complains in his first issue of the trial court's failure to file findings of fact
and conclusions of law with respect to the revocation. We overrule the complaint.

 Due process requires the entry of specific findings of fact when a defendant
requests them in a probation revocation proceeding. Whisenant v. State, 557 S.W.2d 102,
105 (Tex. Crim. App. 1977); Joseph v. State, 3 S.W.3d 627, 639 (Tex. App.-Houston [14th
Dist.] 1999, no pet.). Moreover, the failure to make such findings may require reversal if
omission impedes appellate review of the decision. Joseph v. State, 3 S.W.3d at 639. 
However, the trial court is not required to issue separate findings if the judgment or
revocation order nonetheless discloses the grounds found to exist. See id. at 640
(concluding that handwritten notations on the order sufficed); Renteria v. State, No. 08-02-0329-CR, 2004 Tex. App. Lexis 3608 at *6-7 (Tex. App.-El Paso April 22, 2004, no pet.)
(not designated for publication) (holding it sufficient to specify the grounds in the
judgment).

 Here, the record reflects that the trial court not only orally specified, at the end of the
hearing, the particular conditions justifying revocation but also memorialized those same
conditions in its judgment. Thus, appellant was afforded adequate notice of the grounds
underlying the revocation of his community supervision, and his ability to prosecute an
appeal was not diminished. 

 Issues 2, 3, 4 and 5 - Plea Bargain

 In issues two through five, appellant argues that 1) his plea was involuntary because
the plea bargain was broken and 2) he should be allowed to withdraw the plea or have the
bargain specifically enforced. The argument is premised on his belief that the
modifications to his probation enacted by the trial court after his original conviction changed
the terms of the plea agreement. We overrule the issues.

 In effect, appellant attempts to attack the prior modifications to the conditions of his
probation via this appeal because they allegedly failed to comport with the plea bargain. 
According to the Court of Criminal Appeals, an order modifying the terms or conditions of
probation is not appealable except when revocation is ordered and the validity of the
revocation "depends on the validity of the modification." Davis v. State, 195 S.W.3d 708,
710 (Tex. Crim. App. 2006). In view of Davis, we note that of the three conditions
appellant was found to have violated, only one (i.e. A3) implicates the modifications about
which he complains. The other two were imposed as part of the original probation order
which he did not appeal. Given this and the truism that a trial court need only find one
violation to justify revocation, Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980), 
we cannot say that the decision at bar depended upon the validity of the modifications. 
 Issue 6 - Sufficiency of the Evidence

 Lastly, appellant contends that the evidence does not support his revocation. Again,
we note that appellant pled true to the violation of two conditions and at least one of them
did not implicate the modifications alluded to in issues two through five. And, as previously
mentioned, only one need be found true to justify revocation. Moore v. State, supra. So,
given appellant's plea of true to the violation of at least one legitimate condition, the trial
court's decision to revoke enjoyed evidentiary support.

 Having overruled all of appellant's issues, we affirm the judgment of the trial court.


 Brian Quinn 

 Chief Justice 


Do not publish.

 




Grabow were; he got into an altercation with Hanes; and Hanes sustained a broken wrist. 
He testified that Grabow grabbed a shotgun, appellant took the shotgun away from
Grabow, and appellant then returned to his residence with the shotgun he took from
Grabow. 

 The jury convicted appellant of capital murder. He was sentenced to life
imprisonment. He appeals via two issues. ISSUES

 By his first issue, appellant alleges that the evidence was factually insufficient to
support a finding that appellant's co-conspirator Hanes intended to cause Sandoval's
death. By his second issue, appellant alleges that the evidence was factually insufficient
to support a finding that appellant should have anticipated Sandoval's murder as a result
of the carrying out of a conspiracy to rob Sandoval. We will analyze appellant's issues
together. 

STANDARD OF REVIEW and LAW

 A factual sufficiency review of the evidence begins with the presumption that the
evidence supporting the jury's verdict was legally sufficient under the test outlined in
Jackson v. Virginia, 443 U.S. 307, 319-20, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). 
See Clewis v. State, 922 S.W.2d 126, 134 (Tex.Crim.App. 1996). Factual sufficiency
review is accomplished without viewing the evidence in the light most favorable to the
prosecution, as the evidence is viewed in determining legal sufficiency. Id. The evidence
is factually sufficient to support the verdict if the verdict is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Id. Stated
otherwise, the evidence is not factually sufficient to support a conviction if the appellate
court determines, after viewing all the evidence, both for and against the finding in a
neutral light, that the proof of guilt is so obviously weak as to undermine the confidence
in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). 

 A person commits murder under PC § 19.02(b)(1) if the person intentionally or
knowingly causes the death of an individual. PC § 19.02(b)(1). A person commits capital
murder if he intentionally or knowingly commits murder as defined by PC § 19.02(b)(1) and 
"the person intentionally commits the murder in the course of committing or attempting to
commit . . . robbery." Id. § 19.03(a)(2). 

 A person may be convicted as a party to an offense if the offense is committed by
his own conduct, by the conduct of another for whom he is criminally responsible, or both. 
Id. § 7.01(a). PC § 7.02(a)(2) provides that a person is criminally responsible for an
offense committed by the conduct of another if, acting with the intent to promote or assist
the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the
other person to commit the offense. Id. § 7.02(a)(2). 

 A person is also responsible for the conduct of another, if, in an attempt to carry out
a conspiracy to commit one felony offense, another felony is committed by one of the
conspirators acting in furtherance of the conspiracy, and the other offense should have
been anticipated as a result of the carrying out of the conspiracy. Id. § 7.02(b).

 Intent is a fact question for the jury. See Robles v. State, 664 S.W.2d 91, 94
(Tex.Crim.App. 1984). Intent may be inferred from the words and conduct of an accused. 
Hernandez v. State, 819 S.W.2d 806, 810 (Tex.Crim.App. 1991). The jury, which is
exclusively empowered to determine the issue of intent, may also infer intent to kill from
the use of a deadly weapon. Mercado v. State, 718 S.W.2d 291, 295 (Tex.Crim.App.
1986); Ahrens v. State, 43 S.W.3d 630, 634 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd);
Smith v. State, 56 S.W.3d 739, 745 (Tex.App -Houston [14th Dist.] 2001, pet. ref'd). A
firearm is a deadly weapon, per se. PC § 1.07(a)(17)(A); Hill v. State, 913 S.W.2d 581,
590 (Tex.Crim.App. 1996). 

ANALYSIS AND DISCUSSION

 In his brief, appellant's counsel cites Clewis in reference to the standard of review
for factual sufficiency claims. In the portion of appellant's brief discussing his first factual
sufficiency issue, appellant cites PC § 19.03(a)(2) in identifying the element on which the
evidence is alleged to be insufficient - in this case the element of intent. Other than Stone
v. State, 823 S.W.2d 375 (Tex.App.-Austin 1992, pet. ref'd), which is cited because the
portion of Clewis cited by appellant quotes directly from Stone, appellant cites no other
authority in support of his argument that the evidence is factually insufficient to support a
finding of intent. The remainder of appellant's presentation consists of arguing the facts
of the case. Completely absent is discussion of the law which is applicable to the case
and discussion of the application of the law to the specific facts of the case.

 In the portion of appellant's brief discussing his second factual sufficiency issue, the
only authority cited by appellant is PC § 7.02(b) ("Criminal Responsibility for Conduct of
Another"). Again absent is any discussion of case law which is applicable to the case and
any discussion of the application of law to the specific facts of the case. 

 We find that the factual sufficiency claims presented by appellant have been
insufficiently briefed and present nothing for review. See, e.g., Passmore v. Estelle, 607
F.2d 662, 663-64 (5th Cir. 1979); cert. denied, 446 U.S. 937 (1980); McDuff v. State, 939
S.W.2d 607, 613 (Tex.Crim.App. 1997); Patterson v. State, 46 S.W.3d 294, 305
(Tex.App.-Fort Worth 2001, no pet.); Roise v. State, 7 S.W.3d 225, 232 (Tex.App.-Austin
1999, pet. ref'd).

 Nevertheless, we will review appellant's issues. 

 In his brief, appellant refers to portions of Grabow's testimony. In particular,
appellant argues that Grabow's testimony that Grabow decided to rob Sandoval because
he thought that Sandoval would not call the police if all the robbers took was drugs and
money demonstrates that killing Sandoval was not part of their original plan. Appellant
also points to the fact that the conspirators chose to rob Sandoval's residence at night
when the occupants were likely to be asleep as demonstrating that the conspirators did
not intend to kill anyone. Appellant further argues that the evidence shows that the
robbery was essentially over by the time Sandoval stood up and approached Hanes. He
contends that the medical examiner's testimony showed that Sandoval was lunging toward
Hanes at the time the fatal shot was fired and that there simply was not time for Hanes to
have formed the intent to kill Sandoval. Finally, appellant cites evidence of the sudden
silence of the conspirators in reaction to the gunshot as evidence that the conspirators
were surprised by Hanes's shooting of Sandoval, and as evidence, therefore, that none
of them, including Hanes, intended to kill Sandoval. 

 In essence, what appellant proposes are alternative hypotheses that, if accepted
by the jury, would have supported the jury's refusal to find Hanes intended to kill Sandoval. 
Because we must consider all the evidence in conducting a factual sufficiency review, we
necessarily consider any reasonable alternative hypotheses raised by the evidence. Ates
v. State, 21 S.W.3d 384, 391 (Tex.App.-Tyler 2000, no pet.); Richardson v. State, 973
S.W.2d 384, 387 (Tex.App.-Dallas 1998, no pet.). The existence of alternative reasonable
hypotheses may be relevant to, though not necessarily determinative of, a factual
sufficiency review. See Wilson v. State, 7 S.W.3d 136, 141 (Tex.Crim.App. 1999). The
mere existence of a reasonable alternative hypothesis, however, does not render the
evidence factually insufficient. Ates, 21 S.W.3d at 391; Richardson, 973 S.W.2d at 387.

 Clearly the testimony of appellant and Grabow are in conflict. The jury had to
determine the credibility of the two witnesses, in conjunction with the other evidence. And,
when competing or conflicting evidence and inferences exist, we defer to the jury's
resolution of such conflicts if the jury's determination is supported by factually sufficient
evidence. See, e.g., Park v. State, 8 S.W.3d 351, 352 (Tex.App.-Amarillo 1999, no pet.);
Hall v. State, 970 S.W.2d 137, 142 (Tex.App.-Amarillo 1998, pet. ref'd). 

 The evidence, part of which we have recited above, is sufficient for a rational jury
to have concluded that appellant, Grabow and Hanes conspired to commit a robbery of
Sandoval's residence and took loaded firearms with them to aid in carrying out their plan. 
A jury could have further concluded from the evidence that appellant supplied some of the
firearms used in the commission of the robbery and actively participated in the robbery's
planning and commission. Thus, the evidence is factually sufficient to support a finding
that appellant was present at the commission of the robbery and encouraged its
commission. It was also reasonable for the jury to infer Hanes's intent to kill Sandoval by
Hanes's use of a deadly weapon, and that appellant was a conspirator to commit the
offense of robbery and that appellant should have anticipated Sandoval's murder in
furtherance of the conspiracy to commit the robbery. See, e.g., Holiday v. State, 14
S.W.3d 784, 790 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). After viewing all the
evidence, both for and against the finding in a neutral light, we do not conclude that the
proof of guilt is so obviously weak as to undermine the confidence in the jury's
determination, or that the proof of guilt is greatly outweighed by contrary proof. See
Johnson, 23 S.W.3d at 11.

 Accordingly, the evidence is factually sufficient to support the verdict. Appellant's
first and second issues are overruled. 

 For the foregoing reasons, the judgment of the trial court is affirmed. 

 Phil Johnson

 Chief Justice



Do not publish. 


1. Further references to a section of the Penal Code will be by referencing "PC §_."