Opinion issued October 11, 2007










 





In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00560-CR






MICHAEL JAMES FELDER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 1011939






MEMORANDUM OPINION

 A jury convicted appellant, Michael James Felder, of robbery, a second-degree
felony, and, due to prior convictions, (1) the trial court assessed his punishment at
imprisonment for 25 years. See Tex. Pen. Code Ann. § 29.02 (Vernon 2003). In his
sole point of error, appellant argues that the trial court erred when it denied his
request for an instruction on the lesser included offense of theft.

 We affirm.

Background

 On the evening of January 3, 2005, appellant walked into a Walgreens drug
store, selected an item, brought it to the front cash register where Priscilla Ramirez
was working, and said, "Open your register or I'll shoot you." At first, Ramirez
thought appellant was joking because he did not look serious, so she refused. 
Ramirez testified that at this point, she did not feel threatened. However, appellant
again told her to open her cash register. When Ramirez again refused, appellant
walked behind the counter and poked Ramirez's waist with an unidentified object and
told her to open her cash register. Ramirez opened the register, and appellant took
the money inside and stuffed it into his pockets; she did not give the money to
appellant herself because she "was scared" and "afraid that he was going to hurt me." 
Once he had the money, appellant left the store.

 While working at another cash register a few feet away from Ramirez, Yesenia
Garcia saw appellant select an item and approach Ramirez. At first she thought he
was "a regular customer," but she began to suspect something was wrong when she
saw him leaning over the counter and talking to Ramirez in a low voice and noticed
that Ramirez's face looked pale. Garcia began to walk toward the photo area with her
cash drawer and noticed appellant walk behind Ramirez's counter. As she was
walking, appellant turned around to look at her, and they made eye contact. Garcia
slid her cash drawer under a door and notified her manager that they were being
robbed. Garcia then walked back to the front of the store and saw appellant leave. 
Ramirez was crying and told Garcia, "[H]e had a gun . . . he said . . . he was going to
do something."

 Within minutes of the robbery, police arrived at the store. As Officers Griffith
and Dabila pulled into the parking lot of the Walgreens, several bystanders who were
outside the store when appellant fled directed them south. Officers Griffith and
Dabila soon found appellant hiding in a house. Although they found several people
in the house, only appellant matched the description of the man who had robbed the
Walgreens. Police found no money on appellant's person, but they did find "a pile
of money" that "was all wrinkled up and wadded up like it was in someone's pocket"
hidden beneath a pile of clothing in the house. Within 30 minutes of the robbery,
police returned appellant to the Walgreens, where both Ramirez and Garcia positively
identified him as the man who had robbed Ramirez.

Instruction on Lesser Included Offense

 In his sole point of error, appellant argues that the trial court erred in denying
his request to instruct the jury on the lesser included offense of theft because Ramirez
testified that she initially did not believe that appellant was serious. He argues that
this evidence shows that he was guilty only of theft.

 A jury must be charged on a lesser included offense if (1) the lesser included
offense is included within the proof necessary to establish the charged offense and
(2) some evidence exists in the record that would permit a rational jury to find that
if the defendant is guilty, he is guilty only of the lesser offense. Rousseau v. State,
855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993); Robinson v. State, 174 S.W.3d 320,
333 (Tex. App.--Houston [1st Dist.] 2005, pet. ref'd). Thus, there must be some
evidence that would negate the element raising the lesser included offense to the
greater charged offense. Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim. App.
1985); Robinson, 174 S.W.3d at 333.

 Theft, by whatever method committed, is necessarily included in the alleged
elements of the greater offense of robbery when the indictment alleges that it was
committed "in the course of committing theft." Earls v. State, 707 S.W.2d 82, 84-85
(Tex. Crim. App. 1986). Here, the indictment alleged that appellant, "while in the
course of committing theft of property owned by [the complainant] . . . and with intent
to obtain and maintain control of the property, intentionally and knowingly
threaten[ed] and place[d] the [c]omplainant in fear of imminent bodily injury and
death." (Emphasis added.) Accordingly, the first prong of the test is satisfied. See
Rousseau, 855 S.W.2d at 672; Robinson, 174 S.W.3d at 333. The next question is
whether some evidence exists in the record that would permit a rational jury to find
that if appellant is guilty, he is guilty only of theft. See Rousseau, 855 S.W.2d at 672;
Robinson, 174 S.W.3d at 333.

 A person commits robbery if, in the course of committing theft and with intent
to obtain or maintain control of the property, he "intentionally or knowingly threatens
or places another in fear of imminent bodily injury or death." Tex. Pen. Code Ann.
§ 29.02(a)(2). A person commits theft if he "unlawfully appropriates property with
intent to deprive the owner of property." Id. § 31.03(a) (Vernon Supp. 2006). Thus,
in order for appellant to have been entitled to an instruction on the lesser offense of
theft, some evidence in the record must negate the jury's finding that appellant
intentionally and knowingly threatened Ramirez or placed her in fear of imminent
bodily injury or death. See Aguilar, 682 S.W.2d at 558; Robinson, 174 S.W.3d at
333; accord Holiday v. State, 14 S.W.3d 784, 788 (Tex. App.--Houston [1st Dist.]
2000, pet. ref'd) ("To be entitled to a jury instruction on the lesser included offense
of theft, there must have been evidence proving appellant committed a theft of [the
complainant's] property, but did not . . . threaten him in any way.").

 Here, the evidence shows that appellant intentionally and knowingly threatened
Ramirez when he told her to open her register or he would shoot. Appellant also
placed Ramirez in fear of imminent bodily injury or death when he walked behind the
counter after she refused to open the cash register, poked her waist with an
unidentified object--after implying that he had a gun by telling her that he would
shoot her if she did not comply with his demands--and again ordered her to open the
cash register. Ramirez testified that once appellant was behind the counter, she was
scared and afraid that he might hurt her.

 Appellant points out that Ramirez did not initially believe that appellant was
serious and that she initially refused to open the cash register and give him the money
to support his argument that there is some evidence in the record that negates the
jury's finding that he placed Ramirez in fear of imminent bodily injury or death. This
evidence, however, does not negate the fact that appellant threatened Ramirez when
he said he would shoot her if she did not open the cash register and the fact that he
placed Ramirez in fear of imminent bodily injury or death when he then walked
behind the counter, poked her, and again ordered her to open the cash register. See
Aguilar, 682 S.W.2d at 558; Robinson, 174 S.W.3d at 333. Nor does appellant point
to any contrary evidence suggesting that he did not threaten to shoot her if she did not
comply with his demands or suggesting that he did not place her in fear of imminent
bodily injury or death when he walked behind the counter and poked her with an
unidentified object. See Aguilar, 682 S.W.2d at 558; Robinson, 174 S.W.3d at 333. 
We conclude, therefore, that appellant was not entitled to an instruction on the lesser
offense of theft.

 We overrule appellant's sole point of error.

Conclusion

 We affirm the judgment of the trial court. 





 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).
1. Robbery is a second-degree felony. See Tex. Pen. Code Ann. § 29.02(b) (Vernon 2003).
A prior conviction, however, elevates robbery to a first-degree felony. Id. § 12.42(b)
(Vernon Supp. 2006). The sentencing range for a first-degree felony is imprisonment
for five to 99 years. Id. § 12.32(a) (Vernon 2003).